**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180573-U

Order filed March 26, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Tazewell County, Illinois. |
| Plaintiff-Appellee, | ) ) | Appeal Nos. 3-18-0573 and 3-18-0574 |
| v. | ) ) | Circuit Nos. 18-CF-242 and 18-CF-402 |
| | ) ) | |
| TERRY L. BURNETT, | ) ) | Honorable Michael D. Risinger, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the judgment of the court.
Justices Daugherity and Holdridge concurred in the judgment.

**ORDER**

¶ 1     *Held*: Defendant failed to show that counsel represented him under an actual conflict of interest, as he presented no basis for concluding that a more aggressive cross-examination would have produced more favorable testimony for his case.

¶ 2     Defendant, Terry L. Burnett, appeals the Tazewell County circuit court's denial of his motion to withdraw guilty plea, arguing that his attorney during the hearing on his motion labored under an actual conflict of interest that impacted his representation of defendant. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      The State charged defendant with retail theft in excess of $300 (720 ILCS 5/16-25(a)(1) (West 2016)) and retail theft in excess of $500 (*id.*) based on two separate acts. The court appointed counsel to represent defendant. Defendant pled guilty to both charges and the court sentenced him to eight years' imprisonment.

¶ 5      Assistant Public Defender Dale Thomas subsequently filed a motion to withdraw guilty plea on defendant's behalf, alleging that defendant did not enter his plea knowingly, intelligently, or voluntarily, and the plea hearing failed to comply with Illinois Supreme Court Rule 402 (eff. July 1, 2012). The public defender's office reassigned the case from Thomas to Assistant Public Defender Sam Snyder, who filed an amended motion on defendant's behalf, alleging that Thomas was ineffective for failing to pursue drug court or mental health court for defendant, the plea hearing did not comply with Rule 402, and defendant did not knowingly waive his right to a probable cause finding.

¶ 6      At a hearing on the amended motion, defendant testified that he pled guilty because Thomas told him he was ineligible for both drug court and mental health court. Defendant said that after he pled guilty, another attorney informed him that he qualified for drug court due to recent changes in the law. Defendant asserted he would not have pled guilty had he known of his eligibility.

¶ 7      Thomas denied telling defendant that he was ineligible for drug court or mental health court. Thomas thought drug court would be appropriate for defendant because he was attending school to become a drug counselor, but Thomas chose not to pursue drug court further because defendant decided to accept the State's plea offer. On cross-examination, Thomas stated that he believed defendant entered his plea knowingly and voluntarily based on the amount of time he spent discussing the plea and its ramifications with defendant.

¶ 8      During cross-examination, Snyder asked multiple open-ended questions that allowed Thomas to provide detailed answers that undercut defendant's testimony, including the following:

"[SNYDER]: When you answered yes to that question, could you elaborate what you did tell him?

[THOMAS]: When I first met with him the very first time on the first case, I explained he's sitting there in jail by way of information, and they're going to make an indictment. And when I met with him about waiving grand jury indictment or preliminary hearing, I just went through it: The judge is going to ask you a couple questions. You have the right to demand a grand jury indictment or a preliminary hearing. You can also waive that right. That the judge reading you these rights he's not trying to talk you one way or the other; he's just wanting to make sure you understand what you're doing. And when he got the plea offer he wanted, he was fine with waiving indictment."

¶ 9      The court found Thomas more credible than defendant and denied the motion to withdraw guilty plea. Defendant appeals.

¶ 10                             II. ANALYSIS

¶ 11      Defendant argues he is entitled to a new hearing on his motion to withdraw guilty plea because counsel labored under an actual conflict of interest. We disagree. Defendant failed to demonstrate an actual conflict of interest where he presented no basis for concluding that a more aggressive cross-examination would have produced testimony more favorable to his case.

¶ 12      A defendant's sixth amendment right to effective assistance of counsel includes the right to conflict-free representation. *People v. Hardin*, 217 Ill. 2d 289, 299 (2005). Where one member

of a public defender's office challenges the effectiveness of his coworker, a *per se* conflict of interest does not exist. *People v. Banks*, 121 Ill. 2d 36, 41-44 (1987). In such instances, a defendant must demonstrate an actual conflict to warrant the appointment of new counsel. *People v. Vaughn*, 200 Ill. App. 3d 765, 770 (1990). An actual conflict is " 'some specific defect in *** counsel's strategy, tactics, or decision making attributable to the conflict.' " *Hardin*, 217 Ill. 2d at 302 (quoting *People v. Spreitzer*, 123 Ill. 2d 1, 18 (1988)). "[A] defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." *Cuyler v. Sullivan*, 446 U.S. 335, 349-50 (1980).

¶ 13        When counsel's performance is alleged to have suffered from an actual conflict, we review the record for a preponderance of evidence showing that specific defects resulted from the asserted conflict. *People v. Moore*, 338 Ill. App. 3d 11, 16 (2003). An insufficient cross-examination can be an important indication of an actual conflict of interest affecting counsel's performance. *Id.* at 17. Where a defendant claims ineffective assistance of counsel, he must present some basis for concluding that a more aggressive cross-examination would have produced better testimony for defendant. *Id.*

¶ 14        Defendant contends that Snyder's cross-examination of Thomas demonstrates an actual conflict. Specifically, defendant argues Snyder tempered the cross-examination because he and Thomas were coworkers, and therefore Snyder asked Thomas several open-ended questions that permitted Thomas to directly contradict defendant's testimony and reiterate answers unfavorable to defendant. Snyder's cross-examination did include several open-ended questions, which the basic rules of trial advocacy discourage in such a context. However, defendant fails to show any basis for the conclusion that a more aggressive cross-examination would have produced testimony more favorable to his case. Thomas's testimony on direct examination strongly supported the

4

conclusion that defendant entered his guilty plea knowingly and voluntarily, and the court found Thomas more credible than defendant. We will not disturb a circuit court's credibility determination unless it is unreasonable and not based on the evidence. See *People v. Sanchez*, 115 Ill. 2d 238, 261-62 (1986). While Snyder's cross-examination did not exemplify trial advocacy's best practices, it did not demonstrate that Snyder labored under an actual conflict of interest, as a more aggressive cross-examination would not have resulted in testimony that was more favorable to defendant's case.

¶ 15                                              III. CONCLUSION

¶ 16          For the foregoing reasons, we affirm the judgment of the circuit court of Tazewell County.

¶ 17          Affirmed.